**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NUMBER: 1:22-CR-20** |
| | ) | |
| **DEMETRIUS R. BOSTIC** | ) | **JUDGE: HOLLY A. BRADY** |
| | ) | |
| **Defendant.** | ) | |

# DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO BRIEF IN SUPPORT OF MOTION FOR *FRANKS* HEARING

Comes now, the Defendant, Demetrius Bostic, and for his reply to the Government's response to Bostic's Brief in Support of Motion for *Franks* Hearing allees and states as follows:

The Government begins its Response with the usual insults with which it responds to all defense motions. The Government at the outset and throughout its response asserts there is no offer of proof by Bostic. (DE 99 p.2). The Government is correct however there are exceptions to the offer of proof requirement.

> This court reads the language of Justic Blackmun's opinion in *Franks* as requiring a statement under oath to support any allegations of falsity. If the Defendant does not provide the Court with such verified support, then the Defendant must present compelling reasons for the absence of such evidence.

*U.S. v. Taylor*, 931 F. Supp. 1447, 1458 (1996).

It is Bostic's position that because his motion describes omissions of missing facts and information he cannot make a standard offer of proof. The officers involved in the surveillance of Bostic are not willing to talk outside of the courtroom. The Confidential Informants remain unknown. Other witnesses have "vanished". (The Government recently informed the undersigned counsel that Picos-Ochoa was incarcerated. – He is 500 miles from the State of Indiana). Rodriguez-Gonzalez is nowhere to be found. Also, it is extremely difficult, if not impossible, to prove a negative. Instead, Bostic relies on the circumstances described herein as

well as in his Motion for a *Franks* Hearing to satisfy the "compelling reasons for the absence" of a traditional offer of proof.

Bostic does not dispute the Government's Legal Standard Governing *Franks* Challenges, (DE 99 pp 3-6), except that the Government failed to discuss the exception noted above and the Government failed to mention that "The effect of misrepresentations and omissions on the existence of probable cause is to be considered cumulatively." *United States v. Kiser*, 716 F.2d 1268, 1274 (9th Cir. 1983).

## THE AFFIDAVIT[1]

In addition to the Affidavit of TFO Darren Compton noted by the Government (DE 99 p.6); Bostic has also submitted the Affidavit of TFO Matthew Carver (DE 97 Ex. A and B). For the reasons stated herein, Bostic disagrees with the Government's contention that the Affidavit of TFO Compton is free from omissions. In fact, it is the omissions detailed herein which are the primary cause of Bostic's Motion for *Franks* Hearing.

### Bostic's Complaints

Although the initial portion of TFO Compton's Affidavit is not discussed in the Government's response brief (DE 99), the Affidavit itself begins with a claim, without any source of verification that Bostic was the drug supplier for the Mafia Street Gang. Bostic's response was that TFO Compton's statement was false, provided no verification and even if it was true – which it is not – it was stale. (DE 97 p. 2-3). Accordingly the Court should not consider this anonymous statement.

Two descriptions of out-of-state travel by Bostic contain significant omissions related to the above reference and are equally stale. TFO Compton, after a description of a January-February trip to Las Vegas, stated that "Bostic had a drug supplier in Lakewood California which is a suburb of Los Angeles." The Compton Affidavit also stated that Bostic had drug sources of supply in southern Californian. (Ex. C. at p. 25-26).

At page 2, paragraph 5 of his Affidavit (Ex. B), TFO Carver states that "The FBI's information about Lakewood came from '[a] cooperating defendant in federal court' and it described trips the cooperating defendant and Bostic made from 2015 to 2018. TFO Compton intentionally omitted the time frame of the alleged trips avoid and dodge the staleness issue. By April of 2022, the information was three to seven years old.

1 For convenience of the reader and ease of comparison Bostic uses section headings similar to those used by the Government.

On page 3, paragraph 8, of his Affidavit (DE 97, Ex. B), TFO Carver wrote "On or about March 15, 2021, a DEA Confidential Source acting as a money launderer, negotiated with an unknown male to arrange a pick up of suspected drug proceeds in the Indianapolis area. The Confidential Source and unknown male agreed to have their people meet on March 17, 2021 ..."

TFO Compton included no entry for March 15, 2021, in his Affidavit.

Bostic challenged the Search Warrant Affidavit's description of an alleged money exchange which the Government contends occurred on March 17, 2021 (DE 97 p. 3). In summary the Government accused Bostic of participating in a money drop where the DEA undercover officer and "Bostic" did not know each other, had never met each other previously, and had never spoken with each other by telephone or online previously. This information came from the Affidavit of TFO Carver. (DE 97 Ex. B). However Agent Compton omitted all of the above information from his search warrant affidavit and simply stated that a DEA undercover officer met with Bostic on March 17, 2021 and received a black bag containing $136,000. (DE 97 p. 3 re: Ex. C p. 4).

The Government's response is that Bostic makes a conclusory assertion that TFO Compton intentionally excluded these details. After offering no other reason for the exclusion the Government then writes "Bostic does not explain why omitting how the undercover officer identified Bostic as the person delivering the bag of cash is material to the determination of probable cause." (DE 98 p.8). The answer is quite simple. If the DEA officer and "Bostic" had never met, never spoken, and never communicated with each other how could the reader of the probable cause affidavit have any reasonable assurance that the affidavit correctly identified Bostic as the "bag man". Accusing Bostic of participating in the money drop without any means of knowing that the person who brought the money to the DEA was Bostic absolutely affects probable cause. The Government offers no explanation for the omission. It is clearly an intentional omission since Task Force Officer Compton skipped the most critical paragraph of Officer Carver's Affidavit as it pertains to the March 17, 2021 money drop. There is no probable cause to believe that Bostic was involved in the money drop. The lack of the March 15, 2021 entry by TFO Compton was a deliberate attempt to make it seem as if Bostic was at the money drop and recognized by the Government CI who was there. Even if Bostic was involved, he is clearly in the category of "their people" and not a leader/organizer.

TFO Carver's Affidavit Exhibit B paragraph 11 states: From March 31, 2021 to April 2, 2021 surveillance observed Bostic traveling around the central Indiana area with two co-conspirators that were identified as Juan Picos-Ochoa and Francisco Rodriguez-Gonzalez. During this time period investigators observed Bostic pick up drug proceeds on at least one occasion.

TFO Compton skipped this paragraph altogether. This omission is very relevant to a *Franks* motion. First, it adds another player to the mix. The inclusion of Mr. Rodriguez-Gonzalez in a very real sense waters down the theory that Bostic is the leader. When it was only Bostic and Picos-Ochoa the chances were 50/50 that Bostic was the leader. Now, with Francisco Rodriguez- Gonzalez added to the mix, the chances are one out of three that Bostic is the leader. That drop, from 50% to 33.33%, marks a serious reduction in the possibility that Bostic is the leader. Accordingly, it explains why TFO Compton had an incentive to omit it. Only TFO Compton knows why he omitted it. TFO Carver's paragraph 11 also demonstrates a strong likelihood that Picos-Ochoa and Rodriguez -Gonzalez were totally independent of Bostic. All of this is blatantly obvious and the Government's suggestion that it needs to be explained (DE 99 p. 9) is not realistic. Regardless, neither Picos-Ochoa nor Rodriguez- Gonzalez are "available" to sign an affidavit. In fact they are no where to be found.

In a desperate attempt to stave off the *Franks* hearing the Government argues that it provided an 8 page discovery report to the undersigned counsel re: the surveillance of Bostic between March 31st, 2021 and April 2nd, 2021. (DE 99 p. 10). What the Government provided to counsel for Bostic is totally meaningless for purposes of the *Franks* hearing. What matters is what was contained in the Affidavit handed to Magistrate Collins. That contained no explanation of why TFO Compton omitted TFO Carver's paragraph 8.

*The April 6, 2021 Money Delivery by Picos Ochoa*

An April 6, money drop, which was described in completely different terms by TFO Carver and TFO Compton, is discussed by counsel for Bostic at DE 97 p.5. The Government shouts that Bostic's contention, that TFO Compton's reference to the black bag and TFO Carver's description of the black backpack is an immaterial difference and is borderline frivolous. (DE 99 p. 11). If Counsel for the Government were to ask an Army Ranger if there is a difference between an article being described as a black bag and an article being described as a black backpack the Ranger's answer would be "affirmative". How about asking that same question to a soldier who is member of a roadside bomb-squad? The point is that descriptions are tremendously important. Officers Carver and Compton are Task Force Officers for the DEA. They are not rookies. They are supposed to be the best of the best. Their descriptions of what they allege to be a single event should be nearly identical. Yet, the April 6, money drop descriptions vary so widely they can hardly be read as describing the same event. TFO Compton describes a neon yellow/green drawstring bag and never describes where it came from. Conversely TFO Carver who ultimately took possession of the currency from Picos-Ochoa never mentions the green/yellow drawstring bag. The Government alleges pictures and 21 pages of reports were included in discovery pertaining to this incident. (DE 99 p.12). Once again, the Government misses the point. What was in the Affidavit given to Magistrate Collins is all that

matters. What was given to the undersigned counsel does not matter for purposes of this motion. Furthermore, as previously described in Bostic's Motion for *Franks* Hearing (DE 97); TFO Compton took two and one half pages of totally hard to follow narrations to describe what TFO Carver included in three lines. (DE 97 at p.5). Bostic stands by his contention that TFO Compton went out of his way to try to tie Bostic to the April 6, 2021 money-drop but it just doesn't work. The only two persons that can speak to this deception are TFO Carver and TFO Compton and they will not appear without a *Franks* hearing.

*Driving Patterns Observed on April 15, 2021*

Bostic demonstrated how TFO Compton's affidavit, pertaining to driving in tandem with a gold Mercedes all day on April 15, 2021 was deceptive. (DE 97 p.6). The Governments asserts it accurately describes facts but is "in-artfully" written. (DE 99 p.12). Like a quarterback draw, which initially looks like a pass but results in a run up the middle; that play probably will not result in a touchdown but if executed properly results in a gain of about 5 yards and a first down. It is the cumulative effect of these inaccuracies that necessitates the requested *Franks* hearing. Once again the Government's fall back position is that it provided a five-page report to Bostic in discovery. (DE 99 p.13). That discovery does not matter. What matters for present purposes is what was provided to Magistrate Collins. All that was provided to the Magistrate was TFO Compton's "in-artful" description which was provided in the hopes of a "first down".

*The April 22, 2021 Currency Seizure from Picos Ochoa*

The Government offers no reason why TFO Compton totally excluded any description of this money drop from his affidavit. (DE 99 p.13). TFO Carver included it in his affidavit. (DE 97 Ex. B ¶ 13). Once again the Government attempts to avoid looking at the cumulative effects of these omissions. Also, the Government again relies on the discovery that it gave to Defense Counsel. (DE 99 p.14). At the risk of belaboring the obvious; what was given to defense counsel has no importance. What was contained in the affidavit given to the magistrate is what matters. Officer Compton excluded any mention of this money seizure of April 22, 2021. That money pickup was more than $90,000.00 – not an inconsequential sum. The fact that Picos Ochoa was on his own ameliorates and weakens the idea that Bostic was the leader of a conspiracy.

*The April 29, 2021 delivery of $180,080 from Picos-Ochoa*

The Government attempts to explain away the failure of TFO Compton to include the name of Rodriguez- Gonzalez in probable cause affidavit concerning the April 29, money pick-up that occurred at an Indianapolis hotel; while TFO Carver included this name in his probable cause affidavit. (DE 97 Ex. B ¶ 14; DE 99 p. 15-16). Clearly, had TFO Compton included the

name of Rodriguez-Gonzalez it would have ameliorated Bostic's role in the money drop. Just as with the prior omissions of Rodriquez-Gonzalez the failure of TFO Compton to name him in his affidavit is misleading and intentional. The Government responds that the answer to why TFO Compton omitted Rodriguez-Gonzalez's name is contained in the discovery materials it gave to defense counsel. (DE 99 p. 16). Once again, what the Government gave to Magistrate Collins is what is important. Also, the omissions concerning Rodriguez-Gonzalez are at this point obviously intentional. They are also misleading because, even assuming, *arguendo,* Bostic was a part of a drug trafficking organization, the omission of Rodriguez Gonzalez's presence tends to paint a picture of Bostic as the head of the organization when in fact it could well be Rodriguez-Gonzalez. Magistrate Collins could not make that decision since by the Government's intentional omissions his name was never given to Magistrate Collins. The only way to find out what actually happened is for the *Franks* hearing to take place.

*The May 3, 2021 seizure of $204,880 from Rodriguez Gonzales and Picos-Ochoa.*

It is undisputed that on May 3, 2021, the DEA seized $204,880 during a traffic stop of Picos-Ochoa and Rodriguez-Gonzalez after the two targets departed the Indianapolis stash house. (DE 97 p.9- 10; DE 99 p.16-17). However, TFO Compton never even mentioned this in his Probable Cause Affidavit. The Government offers no explanation for why this omission occurred. The Government then relies on "a *Franks* hearing is not a fishing expedition." (DE p. 99 p.17). Bostic need not cast any bait to demonstrate that Picos-Ochoa and Rodriguez- Gonzalez are acting independently of Bostic.

Bostic cannot find them let alone obtain statements from them asserting their independence. The only way to determine the reason for the exclusion(s) which TFO Compton continues to perpetuate is to conduct a *Franks* hearing. If those two operate independent of Bostic it completely alters the Government's contention that Bostic is involved in a conspiracy and he is the leader of it. The questions of who is Bostic conspiring with and who is he allegedly leading are relevant. The cumulative effect of these unexplained exclusions of evidence continue to mount. Magistrate Collins did not even know that Rodriguez-Gonzalez was an active player in this alleged operation.

The Government, as is now the norm, states that there is no need to question this intentional omission since it has delivered what it believes is relevant discovery. Once again, the Government throws up an airball that misses the point, the rim and the entire backboard. It does not matter what the Government gave to defense counsel. What matters is what was presented to Magistrate Collins … and that was merely the Affidavit seeking the Search Warrant Affidavit of TFO Compton -not what the Government believes is relevant discovery.

*The May 5, 2021 Controlled Money Delivery*

The Government alleges that Bostic's request for a *Franks* hearing, is not appropriate because Bostic does not identify any lie or misstatement in TFO Compton's Affidavit. (DE pp. 17-19). True enough- but Bostic does identify a clear omission. Namely that it should have taken 9 (nine) to 10 (ten), minutes for Bostic to drive from 110 Riley Place to Planet Fitness and instead it took 39 minutes. (DE 97; pp 10-11). It stands to reason that no one driving to a money drop with $148,500 in their vehicle stops at a Seven Eleven for a cup of coffee. Bostic certainly made a stop on the way and it was incumbent upon TFO Compton to reveal this in the affidavit. He did not. The Omission makes it seem as though the money was stowed at 110 Riley until it was delivered. TFO Compton's failure to explain why it took 39 minutes instead of 10 minutes is an omission. The gap of 29 minutes is a problem that needs to be solved. Omissions/ gaps in the record can have serious results. [2]

The Government demands that Bostic make an offer of proof to support his contentions regarding the omissions that TFO Compton has made, not withstanding the fact that the Government has admitted the existence of these omissions in its Response. An offer of proof cannot be made. TFO Compton is not going to write an affidavit on behalf of Bostic. Picos-Ochoa is not available for an interview and Rodriquez-Gonzalez cannot be found. So, the Government's solution of an offer of proof is a safe bet for the Government. However, by the Government's own admission the omissions discussed above exist. The cumulative affect of these intentional admissions is more than enough to evidence to warrant conducting a *Franks* hearing.

Finally, if allowed a *Franks* hearing, Bostic will show the Court that each of Watson's trips to Michigan were for the purpose of going to a restaurant supply warehouse. TFO Compton knew this since he was tracking Watson's movements.

> Merely to obtain a *Franks* hearing, however, a defendant does not need to prove the *Franks* violation. A defendant must only make a substantial preliminary showing (1) that the warrant application contained a material falsity or omission that would alter the issuing judge's probable cause determination, and (2) that the affiant included the material falsity or omitted information intentionally or with a

---

[2] On June 20, 1972 then President Richard Nixon had a conversation with Chief of Staff H. R. Halderman. There was a gap in the tape of that conversation which was a mere 18.5 minutes in length. That famous 18 minute gap would have resulted in the impeachment of the President. However, President Nixon resigned before for the impeachment vote took place.

> reckless disregard for the truth. *United States v. Glover*, 755 F.3d 811, 820 (7th Cir. 2014); see also, e.g., *United States v. Hancock*, 844 F.3d 702, 708 (7th Cir. 2016); *United States v. Mullins*, 803 F.3d 858, 861–62 (7th Cir. 2015); *United States v. Robinson*, 546 F.3d 884, 887–88 (7th Cir. 2008). "Proof by a preponderance of the evidence is not required until the *Franks* hearing itself." *Glover*, 755 F.3d at 820.
>
> ...
>
> "The ability of the neutral and detached magistrate to determine probable cause depends on the accuracy of the information the police submit."

*United States v. Clark*, 935 F.3d 558, 563 (7th Cir. 2019).

Bostic has shown that TFO Compton has made omission after omission in his Affidavit. The Government, throughout its response keeps demanding that Bostic make an offer of proof. For the reasons stated throughout this brief an offer of proof stating why TFO Compton made these omissions is impossible to obtain. However, Bostic is entitled to a *Franks* Hearing. The cumulative affect of these omissions is so significant that it satisfies the requirement TFO Compton, knowingly and intentionally, or with reckless disregard for the truth made material and deceptive omissions in the warrant affidavit(s) submitted to Magistrate Collins. Had these omissions not occurred, and had the stale allegations of drug trade not been inserted there would be no probable cause to believe that Bostic was involved in any drug related activity.

For all of the aforesaid reasons, Bostic asks the Court to grant his motion for a *Franks* hearing.

Respectfully submitted,

*/s/ Thomas N. O'Malley*

Thomas N. O'Malley
Lincoln Tower, Suite 500
116 East Berry Street
Fort Wayne, IN 46802
(260) 420-0625

## CERTIFICATE OF SERVICE

I hereby certify that, on November 24th, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notifications of such filing to all parties of record.

*/s/ Thomas N. O'Malley*
Thomas N. O'Malley